# UNITED STATES DISTRICT COURT
for the

Southern District of New York

Ibrahim Niyazi Bodur

*Plaintiff*

v.

Palisades Collection, LLC and
Pressler and Pressler, LLC

*Defendant*

Civil Action No. **JUDGE McMAHON**

3475

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* Palisades Collection, LLC
87 South Commerce Way, Suite 70
Bethlehem, PA 18017

Pressler and Pressler, LLP
7 Entin Road
Parsippany, NJ 07054

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Jesse Langel, Esq.
The Langel Firm
225 Broadway, Suite 700
New York, NY 10007

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

RUBY J. KRAJICK
CLERK OF COURT

Date: _____MAY 2 0 2011_____

_____
*Signature of Clerk or Deputy Clerk*

JUDGE McMAHON

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
————————————————————X
IBRAHIM NIYAZI BODUR ,

                Plaintiff,

-against-

PALISADES COLLECTION, LLC and
PRESSLER AND PRESSLER, LLP,

                Defendants.
————————————————————X

COMPLAINT
AND DEMAND
FOR JURY TRIAL

Index No.:

11 CV 3475

RECEIVED
MAY 20 2011
U.S.D.C. S.D.N.Y.
CASHIERS

      Plaintiff Ibrahim Niyazi Bodur ("plaintiff"), as and for his complaint, alleges as follows:

## INTRODUCTION

1.     This is an action by an individual consumer for money damages for repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq., (hereinafter the "FDCPA") and New York General Business Law (hereinafter "NYGBL") § 349 by the defendants and their agents in the course of their illegal efforts to collect a consumer debt.

      In short, despite defendants' acknowledgement that they were pursuing the wrong individual, the defendants persisted – and still persist – in pursuing a debt from a man who never owed it.

## JURISDICTION AND VENUE

2.     Jurisdiction of the court is conferred by 15 U.S.C. § 1692k(d) and 28 U.S.C. §1331 in that this dispute involves predominant issues of federal law. The defendants have violated the provisions of the FDCPA.

3.     Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

4. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

5. Venue in this district is proper in that the defendants transact business here and the conduct complained of occurred here.

## PARTIES

6. Plaintiff Ibrahim Niyazi Bodur is a natural person who resided at all relevant times in White Plains, Westchester County, New York.

7. Ibrahim Niyazi Bodur is a "consumer" as defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

8. Defendant Palisades Collection, LLC (hereinafter "Palisades") is a business entity regularly engaged in the business of collecting debts in the state of New York with its principal place of business located at 87 South Commerce Way, Suite 70, Bethlehem, PA 18017. The principal purpose of Palisades is the collection of debts using the mails and telephone, and Palisades regularly attempts to collect debts alleged to be due another.

9. Palisades is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

10. Defendant Presssler and Pressler, LLP (hereinafter "Pressler") is a business entity regularly engaged in the collection of debts in the state of New York with its principal place of business located at 16 Wing Drive, Cedar Knolls, NJ 07927. The principal purpose of Pressler is the collection of debts using the mails and telephone, and Pressler regularly attempts to collect debts alleged to be due another.

11. Pressler is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

## FACTUAL ALLEGATIONS

12. At all times material to this complaint, the defendants sought to collect monies under an alleged consumer credit account (hereinafter "the alleged debt").

13. The alleged debt at issue arose out of a transaction that was primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

14. Plaintiff Ibrahim Niyazi Bodur is the Vice President of Information Technology and Infrastructure at New York Institute of Technology. In that role, he oversees a budget of $4 million. He is well respected in his profession and his community, pays his bills, and has always had an excellent credit score.

15. The defendants apparently sued a different person, Ibraham Bodur, under the index number 112171/05 in Civil Court, Kings County New York. A judgment was obtained against this person on August 18, 2006 (**Exhibit 1**). Said judgment listed the target debtor's address at 2370 Ocean Avenue, Apt. 1L, Brooklyn, NY 11229.

16. The plaintiff in this case, Ibrahim Nyazi Bodur, never lived in Brookly, or anywhere in Kings County. The defendants recklessly or intentionally decided to target plaintiff Mr. Bodur without a reasonable basis.

17. Starting sometime after 2005 through the present, the plaintiff in this action, Ibrahim Nyazi Bodur, has been receiving harassing and intrusive calls from the defendants.

18. By letter dated February 1, 2008 (**Exhibit 2**), defendant Pressler sent a vague dunning letter to the plaintiff at his address of 420 S. Chelsea Road, White Plains, NY 10603. In response to this letter, and in response to the harassing calls, Mr. Bodur spoke to Pressler's office to end the wrongful targeting of him for this debt. Annexed as **Exhibit 3** is a contemporaneously written note authored by the plaintiff that reflects the communication between him and Pressler on February 8, 2008. The note states:

> "2/8/08
> 4:35 p.m.
> 973-753-5100
> Dave

> Pressler & Pressler
> I provided last four digits of my SSN and DOB.
> Does not match their records.
> He will remove my address and phone from their records."

19. Pursuant to the above call, Pressler and Palisades were put on notice that they were pursuing the wrong man at the wrong address. However, the letters and calls did not stop. The defendants proceeded to act with a reckless indifference to the truth. Mr. Bodur, on his home line, continued to receive hang-ups and harassing calls in an abusive tone demanding this erroneous debt.

20. On or about February 18, 2011, the plaintiff received another dunning letter from Pressler, again referencing Palisades v. Ibrahim Bodur, Kings County Index No. 112171/05, now stating that a judgment had been obtained on August 18, 2006, and seeking to collect $1,650.01. The letter further stated that the judgment would be good for twenty years and interest would continue to accrue during that time at a rate of nine percent.

21. Attached to the letter was a copy of the judgment. Mr. Bodur panicked and feared that his assets would be frozen.

22. Given that Pressler had unreasonably ignored his previous communications, and concerned that they may go after his bank account at any time, the plaintiff sought legal counsel.

### FIRST CLAIM FOR RELIEF
### (Violations of the FDCPA)

23. The plaintiff repeats, realleges and incorporates by reference the foregoing paragraphs.

24. The defendants repeatedly violated the FDCPA. Defendants' violations include, but are not limited to, the following:

4

(a)     Attempting to collect, collecting, and enforcing upon, an alleged consumer debt without express authority by agreement or law in violation of §§ 1692(f), 1692f(1), 1692d, 1692e, 1692e(2)(a) and (b), 1692e(5), 1692e(10), and 1692e(12).

(b)     Calling, harassing, and menacing Mr. Bodur, a third party, while misrepresenting the character, status, and legal amount of the alleged debt in violation of §§ 1692e, 1692b, 1692e(10), 1692d, and 1692f.

(c)     Persisting and maintaining collection efforts against Mr. Bodur after the defendants were made aware that plaintiff was not the debtor, in violation §§ 1692(d), 1692(f), 1692f(1), 1692e, 1692e(2)(a) and (b), 1692e(5), 1692e(10).

(d)     Threatening to take action to enforce a judgment that could not legally be enforced in violation § 1692e(5).

(e)     Failing to conduct a meaningful attorney review in response to Mr. Bodur's pleas that he had been targeted unlawfully in violation of §§ 1692f, 1692d, 1692e, and 1692e(10).

(f)     Intimidating and coercing a third party to pay someone else's debt in violation §§ 1692(d), 1692(f), 1692f(1), 1692e, 1692e(2)(a) and (b), 1692e(5), 1692e(10).

(g)     Placing phone calls to plaintiff without meaningful disclosure of the caller's identity in violation of § 1692d(6).

(h)     Pursuing Mr. Bodur at a White Plains address in Westchester County when the actual judgment debtor resided in Kings County, and failing to conduct the most minimal of investigations to avoid pursuing the wrong party in violation of §§ 1692f, 1692d, 1692e, and 1692e(10).

25.   As a result of the above violations of the FDCPA, the defendants are liable to the plaintiff for a declaratory judgment that the defendants' conduct violated the FDCPA, and for the plaintiff's actual damages, statutory damages, costs and attorney's fees.

26.   The plaintiff's actual pecuniary damages, include but are not limited to: counsel fees for addressing the defendant's unlawful conduct; transportation costs; and missed time from work to confer with counsel.

27.   The plaintiff's actual non-pecuniary damages include but are not limited to: sleep deprivation; constant anxiety; nervousness; fear; worry; fright; shock; strain to his marriage; humiliation; intimidation; lost concentration at work; and instability.

### SECOND CLAIM FOR RELIEF
### (Violations of NYGBL § 349)

28.   The plaintiff repeats, realleges and incorporates by reference the foregoing paragraphs.

29.   NYGBL § 349 makes unlawful deceptive acts or practices in the conduct of any business, trade or commerce, or in the furnishing of any service in this state.

30.   The conduct complained of occurred during, and in furtherance of, the defendant's for-profit business enterprise of pursuing consumers for alleged defaulted debt obligations.

31.   At all times material to this complaint, the defendants' deceptive acts and practices that gave rise to the claims herein occurred while the defendants conducted their business of collecting consumer debts.

32.   The defendants' acts and practices have been directed entirely at consumers. The defendants' acts and practices have broad impact on the New York consuming public.

33.   Defendants' collection acts are part of a recurring practice against large numbers of consumers in furtherance of its business model of increasing debt volume while decreasing the cost of each case, thus enhancing profitability.

34. The defendant's offending collection practices have the capacity and tendency to deceive and mislead a significant percentage of consumers in a material way because they deprive consumers of federally guaranteed rights. These acts contribute to an increasing number of personal bankruptcies, and lead to marital instability and job loss, all of which are significant social concerns that applicable federal and state consumer protection laws were designed to prevent.

35. Defendants' deceptive acts and practices violate NYGBL in the following ways without limitation: a) attempting to collect an alleged consumer debt when they knew it did not belong to the plaintiff; b) threatening to take action to enforce a judgment that could not legally be enforced against the plaintiff; c) ignoring valid, exculpatory evidence; d) maintaining collection efforts after having received incontrovertible proof that the defendants had targeted the wrong individual; e) repeatedly continuing collection efforts in violation of federal law; f) misrepresenting the status of the debt by claiming Mr. Bodur's liability to pay it; g) misrepresenting the character of the debt after it was disputed; and h) knowingly and repeatedly violating the FDCPA.

36. Some of the FDCPA violations alleged in this complaint, if proven, amount to per se violations of NYGBL § 349.

37. The plaintiff's actual non-pecuniary damages, include but are not limited to: sleep deprivation; constant anxiety; nervousness; fear; worry; fright; shock; strain to his marriage; humiliation; intimidation; lost concentration at work; and instability.

38. As a result of these violations of NYGBL § 349, plaintiff is entitled to an injunction barring the defendants from engaging in deceptive acts and practices, and to recover actual

damages, three times the actual damages up to $1,000, costs and reasonable attorneys' fees pursuant to NYGBL § 349(h).

WHEREFORE, plaintiff IBRAHIM NIYAZI BODUR respectfully requests a trial by jury and also requests that judgment be entered against the defendants for the following:

A. On the FIRST CLAIM FOR RELIEF under the FDCPA, a declaratory judgment that the defendants violated the FDCPA, actual damages, statutory damages, costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k;

B. On the SECOND CLAIM FOR RELIEF under NYGBL § 349, actual damages, three times the actual damages up to $1,000, costs and reasonable attorneys' fees pursuant to NYGBL § 349(h);

C. For such other and further relief as the Court may deem just and proper.

Dated: New York, New York
May 20, 2011

Jesse Langel, Esq. (JL-7079)
*Attorney for Plaintiff*
225 Broadway, Suite 700
New York, NY 10007
646-290-5600

**Exhibit 1**

**CIVIL COURT OF THE CITY OF NEW YORK**  
**COUNTY OF KINGS**                                    **P&P File B125871**

PALISADES COLLECTION, L.L.C.
       Plaintiff
    vs.                                       Index No. 112171/05

                                 **JUDGMENT**

IBRAHIM BODUR
      Defendant(s)

```
AMOUNT CLAIMED IN COMPLAINT LESS CREDITS ON ACCOUNT ($0.00 )............ $1,007.77
INTEREST AT 9.00 % FROM 10/12/05 to 03/06/06 ............................... $28.44
                                                                          ---------
                                                                          $1,036.21

Costs by Statute....................  $20.00
Service of Summons and complaint....  $25.00
Fee for Index Number...............   $45.00
Prospective Execution Fee..........    $0.00
                                                                          ---------
Costs Taxed At                                                               $90.00
                                                         Total.......     $1,126.21
```

STATE OF NEW YORK, COUNTY OF NASSAU

    The undersigned, an attorney at law of the State of New York, the attorney(s) of record for the Plaintiff(s) herein, subscribes and affirms under penalties of perjury, that the disbursements above specified are correct and true and have been or will be necessarily be made or incurred herein and are reasonable in amount; that the Defendant(s) have failed to appear, answer or move herein and the time to do so has expired so that Plaintiff is entitled to a judgment by default . On 02/08/2006 , Deponent mailed a copy of the summons in separate post-paid envelopes in an official depository of the U.S. Postal Service, addressed to each defaulting defendant's last known residence address as set forth below, by first class mail in an envelope bearing the legend "personal and confidential" and not indicating on the outside thereof that the communication was from an attorney or concerns an alleged debt. More than 20 days have elapsed and the same have not been returned as undeliverable by the U.S. Postal Service.

    Pursuant to affidavits of service on file herein, deponent alleged that defendant(s) are not in the military service.

**Plaintiff waives its cause of action based on an account stated and attorney fees.**

Dated: 08/01/06

                                              Richard A. Franklin   Esq.
                                              Pressler & Pressler
                                              990 Stewart Avenue Suite 30
                                              Garden City, NY 11530
                                              (516)222-7929

**JUDGEMENT ENTERED ON:** _____

    ADJUDGED that PALISADES COLLECTION, L.L.C. , Plaintiff, with offices at 210 SYLVAN AVE   ENGLEWOOD CLIFFS  NJ  07632 , recover of
IBRAHIM BODUR   , Defendant residing at 2370 OCEAN AVE APT 1L  BROOKLYN, NY  112293521
in the sum of $1,007.77   with Interest of $28.44 making a total of $1,036.21 , together with costs and disbursements of $90.00 amounting in all to the sum of $1,126.21  and that the Plaintiff(s) have execution therefor. *Jack Baer*

                                                    Clerk

                                                **AUG 18 2006**

**Exhibit 2**

```
MAURICE H. PRESSLER(1930-2002)                                              STEVEN P. BANN          LORI R. CETANI
SHELDON H. PRESSLER        PRESSLER AND PRESSLER, L.L.P.                    ANGELO CAPALBO*         DARYL J. KIPNIS
-------                           COUNSELLORS AT LAW                        CHRISTOPHER P. ODOGBILI MICHAEL GOULD*
GERARD J. FELT                        16 Wing Drive                         RUSSELL A. DITHES**     JEREMEE PECACHE*
STEVEN P. MCCABE                 Cedar Knolls, N.J. 07927                   DALE L. GELBER          THOMAS M. KRICK
LAWRENCE J. MCDERMOTT, JR.         Off: (973) 753-5100                      AUDREY L. KAPLINSKY     MIRIAM MEEHAN
-------                            Fax: (973) 753-5353                      EDMUND A. KULAKOWSKI JR.*
MITCHELL L. WILLIAMSON           ---------              ---------           ------------------------------
JAMES D. PADGETT                 NY Office              PA Office
THOMAS M. BROGAN              990 Stewart Avenue   169 West Ashland Street    * NY State License Only
RALPH GULKO                        Suite 30          Doylestown, PA 18901    ** PA State License Only
JOANNE L. D'AURIZIO          Garden City, NY 11530
MICHAEL ROSS*                   Off: (516)222-7929     Off: (215)860-3337
ANTHONY J. CHIRLES JR.         Fax: (973)753-5353     Fax: (973)753-5353
                        Reply to [X] NJ Office [ ] NY Office [ ] PA Office
```

02/01/08

IBRAHAM BODUR

420 S CHELSEA RD
WHITE PLAINS, NY 106031924


Re:     PALISADES COLLECTION, L.L.C.  vs  IBRAHAM BODUR
        Civil Court Of The City Of New York
        County Of KINGS
        Index #   112171/05
        P&P File No  B125871
        Acct #  002500000049690902
        BALANCE $1,256.17  plus interest to date of final payment


Please call this office upon receipt of this notice.

Thank you VICTORIA  - PARALEGAL
EXT - 5486
PRESSLER and PRESSLER, LLP
16 Wing Drive   , Cedar Knolls, NJ 07927
(973) 753-5100


This communication is from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose.

**Exhibit 3**

USA
BEIJING 08

2/8/2008
4:35 pm

973-753-5100

Dave

Presler & Presler

I provided
last 4 digits of my SSN
and DoB

Does not match
with their records.

He will remove
my address & phone
from their records.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____X
IBRAHIM NIYAZI BODUR ,

               Plaintiff,

-against

PALISADES COLLECTION, LLC and
PRESSLER AND PRESSLER, LLP,

               Defendants.
_____X

## COMPLAINT AND DEMAND FOR JURY TRIAL

May 20, 2011

Jesse Langel, Esq. (JL-7079)
*Attorney for Plaintiff*
225 Broadway, Suite 700
New York, NY 10007
646-290-5600