UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IBRAHIM NIYAZI BODUR,<br><br>    Plaintiff,<br>v.<br><br>PALISADES COLLECTION, LLC and<br>PRESSLER AND PRESSLER, LLP,<br><br>    Defendants. | 11-CV-3475 CM(AJP)<br><br>NOTICE OF MOTION |

**PLEASE TAKE NOTICE** that upon the annexed affirmation of Ibrahim Bodur, affirmed on October 28, 2011, and upon the exhibits attached hereto, the accompanying Memorandum of Law in support of this motion, and the pleadings herein, plaintiff will move this Court, before Andrew J. Peck, United States Magistrate Judge, for an order pursuant to Rule 56 of the Federal Rules of Civil Procedure granting the plaintiff partial summary judgment.

I declare under the penalty of perjury that the foregoing is true and correct

Dated: October 28, 2011

Respectfully submitted,

By: **Jesse Langel, Esq.**
(JL 7079)
225 Broadway, Suite 700
Telephone: (646) 290-5600
Facsimile: (646) 964-6682
jesse@langellaw.com

## STATEMENT OF MATERIAL FACTS

1.  In 2005, the defendants commenced a consumer credit lawsuit entitled <u>Palisades Collection, LLC v. Ibraham Bodur</u>, Kings Civil Index No. 112171/05. The defendant in that action – Ibrah<u>a</u>m Bodur – is not the same individual as the plaintiff in this action, Ibrah<u>i</u>m Bodur, as demonstrated by, inter alia, the different spellings of their first names. The defendants nonetheless targeted the plaintiff in this case, Ibrahim Bodur, for the other person's debts.

2.  The plaintiff in this case, Ibrahim Bodur, at all material times resided at 420 South Chelsea Road, White Plains, New York 10306. (Bodur Dep. 11:10-11:14).

3.  The actual debtor resided at 2370 Ocean Avenue, Apt., 1L, Brooklyn, NY 11229. **(Exhibit 6)**.

4.  Defendant Pressler & Pressler, LLP (Pressler) called plaintiff Mr. Bodur in late 2005 or early 2006. (Bodur Dep. 58:13-58:16). Mr. Bodur provided personal identifying information to a Pressler employee, who then promised to remove Mr. Bodur from the Pressler files. (Bodur Dep. 65:10-66:4).

5.  Nonetheless, Pressler sent to Mr. Bodur's home a collection demand letter dated February 1, 2008 **(Exhibit 4)** containing the collection case caption indicating that a lawsuit had been commenced against him.

6.  In response to that letter, on February 8, 2008, Mr. Bodur called Pressler to try again to reconcile Pressler's bad information. He spoke to a male individual named David. Mr. Bodur provided David with the last four digits of his social security number, and his date of birth. David promised to remove Mr. Bodur from the Pressler file based on the information provided. Mr. Bodur contemporaneously reduced that conversation to

a handwritten note, annexed as **Exhibit 5**.

7.      Both defendants stipulated in open court that the alleged debt sued for under Brooklyn Civil Index No. 112171/05 did not belong to the plaintiff. (Transcript of Hearing before M. J. Andrew Peck, September 27, 2011 at 12:25; 13:1-13:3; 13:25-14:1).

8.      Despite Pressler's promise, the defendants sent to Mr. Bodur's home address another collection letter, dated February 18, 2011, along with a copy of a judgment, and the statutorily required "Notice to Judgment Debtor or Obligor." (**Exhibit 6**). Counsel for Pressler admitted about this mailing, "there is no dispute the letter was sent, there is no dispute that it went to his address." (Hearing transcript, 6:7–6:8).

9.      Mr. Bodur was concerned that the judgment referred to him. (Bodur Dep. 40:4-40:20). He thought he was a victim of mistaken identity, which could lead to financial trouble. (Bodur Dep. 41:9-41:13).

10.     Mr. Bodur visited his bank manager who advised him that his assets were at risk if his name and address matched the enforcement documents. (Bodur Dep. 42:11-42:24).

11.     Mr. Bodur lost sleep and sustained an incredible amount of pressure and stress. (Bodur Dep. 112:21-113:14). Mr. Bodur already suffers from stress induced heart palpitations. (Bodur Dep. 114:13-114:18). He takes medication (Lorizipan, a sedative) for this condition (Bodur Dep. 117:6-117:10), which manifests in heart palpitations, chest pains, and feelings of anxiety and stress. (Bodur Dep. 118:5-118:6). The facts giving rise to this complaint have contributed to Mr. Bodur's condition. (Bodur Dep. 116:15-116:20).

12.     The bank manager's opinion that Mr. Bodur's bank account could be attached caused Mr. Bodur anxiety that lasted several days and weeks. (Bodur Dep. 128:21-

128:24).

13. Although he was certain the money judgment involved a misidentification, Mr. Bodur was frightened about having to deal with its legal consequences. (Bodur Dep. 132:9-132:13).

14. Mr. Bodur's wife was worried as well. They hold joint assets together so her assets were also at risk. (Bodur Dep. 133:19-134:3).

15. Mr. Bodur spent $24 for parking charges on March 2, 2011 to consult your affirmant to determine what legal rights he might have. (Bodur Dep. 28:8-28:12).

16. Mr. Bodur spent $34 for parking charges on August 8, 2011 when visiting your affirmant in preparation for his deposition. (Bodur Dep. 28:8-28:12).

**I declare under the penalty of perjury that the foregoing is true and correct**

Dated: October 28, 2011

Respectfully submitted,

By: Jesse Langel, Esq.
(JL 7079)
225 Broadway, Suite 700
Telephone: (646) 290-5600
Facsimile: (646) 964-6682
jesse@langellaw.com