UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IBRAHIM NIYAZI BODUR,

Plaintiffs,

v.

PALISADES COLLECTION, LLC,
PRESSLER & PRESSLER, LLP

Defendants.

11-CV-3475 CM(AJP)

# MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGEMENT

Dated: New York, New York
October 28, 2011

Respectfully submitted,

Jesse Langel (JL 7079)
The Langel Firm
*Counsel for Plaintiffs*
225 Broadway, Suite 700
New York, NY 10007
Tel: (646) 290-5600
Fax: (646) 964-6682
jesse@langellaw.com

# TABLE OF AUTHORITIES

## CASES

Bank v. Pentagroup Fin., LLC, 08-CV-5293 (JG)(RML), 2009 WL 1606420 (E.D.N.Y. June 9, 2009) . . . . . 5, 6

Diaz v. D.L. Recovery Corp., 486 F. Supp. 2d 474, 476-77 (E.D. Pa. 2007) . . . . . 6

Dutton v. Wolhar, 809 F. Supp. 1130 (D. Del. 1992) . . . . . 6

Fox v. Citicorp Credit Servs., Inc., 15 F.3d 1507 (9th Cir. 1994) . . . . . 9

Heintz v. Jenkins, 514 U.S. 291, 294 (1995) . . . . . 7

Jacobson v. Healthcare Fin. Servs., Inc., 516 F.3d 85, 90 (2d Cir. 2008) . . . . . 7

Jeter v. Alliance One Receivables Mgt., Inc., 10-2024-JWL, 2010 WL 2025213 (D. Kan. May 20, 2010) . . . . . 7

Pollice v. Nat'l Tax Funding, L.P., 225 F.3d 379, 405 (3d Cir. 2000) . . . . . 9

Riveria v. MAB Collections, Inc., 682 F. Supp. 174 (W.D.N.Y. 1988) . . . . . 8

Shapiro v. Law Offices of Cohen & Slamowitz, LLP, 06-Civ-3773(WCC), 2007 WL 958513 (S.D.N.Y. Mar. 28, 2007) . . . . . 5

Thomas v. National Bus. Assistants, Inc., Civ. N82-469, 1984 WL 585309 (D. Conn. Oct. 5, 1984) . . . . . 8

Fontana v. C. Barry & Associates., LLC, 2007 WL 258040 (W.D.N.Y. Sept. 4, 2007)....10

Cyphers v. Litton Loan Servicing, LLP., 503 F. Supp.2d 547 (N.D.N.Y. 2007)................11

## STATUTES

15 U.S.C. § 1692a(2) . . . . . 7

15 U.S.C. § 1692a(3) . . . . . 6

15 U.S.C. § 1692a(5) . . . . . 6

15 U.S.C. § 1692a(6)(f) . . . . . 6

15 U.S.C. § 1692c(a) . . . . . 6


15 U.S.C. § 1692c(b) .......... 6

15 U.S.C. § 1692d .......... 6

15 U.S.C. § 1692e .......... 6

15 U.S.C. § 1692f(1) .......... 8

15 U.S.C. § 1692g .......... 6

15 U.S.C. § 1692j .......... 6

15 U.S.C. § 1692k .......... 6

15 U.S.C. § 1692ka(3) .......... 5

New York General Business Law § 349 .......... 4

**LEGISLATIVE HISTORY**

H. R. Rep. No. 131, 95th Cong., 1st Sess. 8 (1977) .......... 5

S. Rep. No. 382, 95th Cong., 1st Sess. 4 (1977) .......... 5

Ibrahim Bodur, Plaintiff in this action, by and through his counsel, Jesse Langel, Esq., respectfully submits this Memorandum of Law in Support of his motion for partial summary judgment. For the reasons set forth below, plaintiff respectfully submits that his motion should be granted in all respects.

## I. SUMMARY OF ARGUMENT

The defendants communicated with Mr. Bodur in an attempt to collect a debt that he did not owe. The defendants admit this. Yet, they refuse to accept responsibility under the strict liability regime under the Fair Debt Collection Practices Act ("FDCPA"), a piece of federal law implemented to guard against this exact situation. Instead, the defendants contend that their "mistake" (a defense not recognized unless pleaded as an affirmative defense, which defendants have not done) somehow fails to confer standing to Mr. Bodur. The truth is defendants have no cognizable defense for dunning the wrong person, and the only issue remaining is damages. The defendants will attempt to divert the court's focus to the issue of telephone calls, but the real legal issue is the defendants' pursuit of an individual who does not owe a debt.

The unexplained acquisition of Mr. Bodur's personal information and their insistence on pursuing – even after being notified of their wrong information – made their behavior deceptive within the meaning of New York General Business Law § 349 (NYGBL) regardless of Mr. Bodur's status as a consumer, and regardless of the nature of the underlying debt.

## II. UNDISPUTED FACTS

Pressler & Pressler, LLP (Pressler), acting as attorneys for Palisades Collection, LLC (Palisades), made collection attempts against Mr. Bodur for a debt he did not owe. On August 18, 2006, the defendants obtained a judgment against Ibrah*a*m Bodur with an address of 2370 Ocean Avenue, Apt. 1L, Brooklyn, NY 11229 in an action entitled Palisades Collection, LLC

v. Ibraham Bodur, Kings City Civil Court, Index No. 112171/05. The judgment for $1,126.21 was for an AT&T Wireless Account. The plaintiff in this case is Ibrah*i*m Bodur of 420 South Chelsea Road, White Plains, New York 10306. Both defendants stipulated in open court that the alleged debt under Index # #112171/05 did not belong to the plaintiff. (Hearing transcript, 12:25; 13:1–13:3; 13:25-14:1).

Pressler's own phone records (**Exhibit 7**) contain a February 8, 2008 entry that confirmed that Mr. was the wrong party. The record also admits to sending to Mr. Bodur's home address a post-judgment collection dun and the statutorily required Notice to Judgment Debtor or Obligor on February 18, 2011.

Pursuant to Local Civil Rule 56.1, the plaintiff has prepared a Statement of Material Facts in its Notice of Motion, which is incorporated herein by way of reference as though set forth in full herein.

## III. MR. BODUR HAS STANDING TO BRING THIS ACTION AS A "CONSUMER" AND AS A "PERSON" UNDER THE ACT

The term "consumer" means any natural person obligated or allegedly obligated to pay any debt. (15 U.S.C. §1692ka(3)). Mr. Bodur was allegedly obligated to pay this debt when he received dunning communications to his home address and home telephone line. Any claim by the defendants that Mr. Bodur should not have opened up mail addressed to him at his home is a specious attempt to avoid strict liability under the FDCPA.

The legislative history of the FDCPA clearly shows that people mistakenly pursued for debt are protected under the Act. As noted by House Report 95–131:

> This bill also protects people who do not owe money at all. In the collector's zeal, collection efforts are often aimed at the **wrong person** either because of **mistaken identity** or **mistaken facts** [emphasis added]. This bill will make collectors behave responsibly towards people with whom they deal. Another group of people who do not owe money, but who may be deliberately harassed are the family, employer and

neighbors of the consumer. These people are also protected by this ... bill. H.R.Rep. No. 131, 95th Cong. 1st Sess. 8. Bank v Pentagroup Fin., LLC, 08-CV-5293 JG RML, 2009 WL 1606420 [EDNY June 9, 2009]; Shapiro v Law Offices of Cohen & Slamowitz, LLP., 06-civ-3773(WCC), 2007 WL 958513 [SDNY Mar. 28, 2007].

It was Congress's intent to protect people other than debtors...who are subject to harassment by debt collectors. *See also* S. Rep. No. 382, 95th Cong. 1st Sess. 4, *reprinted in* 1977 U.S. Code Cong. & Admin. News 1695, 1699 (noting one purpose of Act is to prevent debt collectors from "**dunning the wrong person**....")[emphasis added]. Dutton v Wolhar, 809 F Supp 1130, 1134-35 [D Del 1992]. Because anyone "allegedly obligated" to pay a debt is included in the above definition 1692a(3), even a person incorrectly identified as obligated, such as a victim of mistaken identity, or a legally unobligated spouse falls within the term "consumer." *See* Goff, FTC informal staff letter (Dec 13, 1993); Diaz v D.L. Recovery Corp., 486 F Supp 2d 474, 476-77 (E.D. Pa 2007).

Mr. Bodur also has standing to bring action as aggrieved "person." The defendants seem to contend that since Mr. Bodur may have known he was not the debtor, he lacks standing to bring this lawsuit. But that reasoning ignores numerous provisions of the Act, including §§ 1692a(3), 1692a(5), 1692a(6)(f), 1692c(a), 1692c(b), 1692d, 1692j, and 1692k.

A reading of the plain language of the Act demonstrates that § 1692k does not limit recovery to "consumers." Instead, it imposes liability where a debt collector has failed to comply with the Act with respect to "any person." 15 U.S.C. § 1692k. Section 1692d prohibits a debt collector from engaging in "any conduct the natural consequence of which is to harass, oppress, or abuse *any person* in connection with the collection of a debt." Bank v Pentagroup Fin., LLC, 08-CV-5293 JG RML, 2009 WL 1606420 [E.D.N.Y June 9, 2009].

Any attempt to confine this case to a standing defect fails to consider the purpose and substance of the entire Act. Many provisions of the Act were written to apply to not just to the

collection of a debt but to "conduct in connection with the collection of a debt." (§§ 1692c(a), 1692c(b), 1692d, 1692e, and 1692g). Dunning and calling Mr. Bodur was conduct "in connection with the collection of a debt." Doing it in ignorance of the truth invoked the sections alleged in the complaint. If not directly, defendants were "indirectly" (see § 1692a(2)) attempting to collect the alleged debt through Mr. Bodur. Those communications are clearly covered by the Act. To claim that defendants are somehow immunized from dunning third parties would subvert the purpose of the FDCPA, and of the holdings in Heintz v. Jenkins, 514 U.S. 291, 294 (1995).

[T]he question of whether a communication complies with the FDCPA is determined from the perspective of the 'least sophisticated consumer.' Jacobson v. Healthcare Financial Services, Inc., 516 F.3d 85, 90 (2d Cir. 2008). Any person, under any standard, sophisticated or not, would reasonably be expected to open mail addressed to them at their home – especially from a law office. Had Mr. Bodur not opened that mail, he would not have been able to protect himself and stop his bank account or other assets from being attached. The fact that Mr. Bodur needed to hire counsel to protect him from judgment enforcement is clear evidence of both defendants' intent, and Mr. Bodur's perspective. Even after counsel appeared, defendants failed to back off. Maximum punitive damages are warranted specifically because defendants ignored the truth. Any claim that defendants' conduct was a "mistake" or that it innocuously "misaddressed" letters must fail since they did not allege a bona fide error defense.

The defendants are consumer debt collectors. Their correspondence (**Exhibits 4 and 7**) to Mr. Bodur contain the FDCPAe(11) requirement that "this communication is from a debt collector." Their Summons and Complaint – which they refuse to disclose – upon information and belief, admits that the underlying debt involved consumer credit. They must be legally

estopped from claiming that the underlying debt did not fit the definition under FDCPA § 1692a(5).

## IV. DEFENDANTS ARE STRICTLY LIABLE FOR ATTEMPTING COLLECTION FROM THE WRONG PARTY; FULL STATUTORY AWARD OF $1,000 WARRANTED BECAUSE OF DEFENDANTS' WILLFULNESS TO IGNORE THE TRUTH AND THE LAW

Pressler's own phone record – even though incredulously limited – proves that it knowingly attempted collection against a third party after it was notified that of the misidentification. **Exhibit 7** reads as follows:

Bodur B125871 note set

1/31/08 Letter to Def to call office upon receipt

2/8/08 third party tu5212 CID FILE SSN 0051 DIFF DOB IN 1958, 420, 2/8/08
I ADV WE HAVE WRONG INFO WELL MARK HA NG, 3P
2/8/08 ASKD IF WE CLD CHANGE THE INFO FOR HIM I ADV NO 2/8/08
CONTACT EITHER POST OFFICE OF CBS BC WE CANT 3P
SD OK TYTC

2/18/11 Notice to Jdg Debtor to Def at 420S
2/18/11 also with post judgment letter of balance due of $1,650.01

This phone record acknowledges that Defendants were notified of the misidentification on February 8, 2008 but nonetheless decided to enforce the judgment against Mr. Bodur anyway. This record proves an intent to enforce a judgment against a person who did not owe it, in violation of several provisions of the Act, including 1692f(1). Such intent is held to warrant a larger statutory damage award. Riverla v. MAB Collections, Inc. 682 F. Supp. 174 (W.D.N.Y 1988); Thomas v. National Bus. Assistants, Inc., Civ. N82-469, 1984 WL 585309 (D. Conn. Oct. 5, 1984).

Rather than disclose the factual bases upon which defendants decided to target Mr. Bodur, Pressler advised the court that it plans to use innocent Mr. Bodur to explain its own process of how and why defendants decided to target him.

(Hearing Transcript of 9/27/11: 16:14-16:22)

Mr. Pressler [sic]: Mr. Bodur is going to be my witness for how his address was utilized, because, quite frank, Mr. Bodur testified that he's aware that his address, that addresses get corrupted and somehow his address was attached to these other cases. So Mr. Bodur is my best witness for that, how that happened, how his address, how his address came to be used.

This statement exemplifies either a lack of any reasonable procedures to avoid dunning the wrong person, or in intention to conceal relevant and probative evidence.

## V. PALISADES IS VICARIOUSLY LIABLE FOR PRESSLER

Debt collectors employing attorneys or other agents to carry out debt collection practices that violate the FDCPA are vicariously liable for their agents conduct. *See* Pollice v. Nat'l Tax Funding, L.P., 225 F.3d 379, 405 (3d Cir. 2000) ("We believe this is a fair result because an entity that is itself a debt collector – and hence subject to the FDCPA – should bear the burden of monitoring the activities of those it enlists to collect debts on its behalf."); Fox v. Citicorp Credit Servs., Inc., 15 F.3d 1507, 1516 (9th Cir.1994) (holding that "Congress intended the actions of an [collection] attorney to be imputed to the client [creditor/alleged debt collector] on whose behalf they are taken").

## VI. DEFENDANTS ARE LIABLE UNDER NEW YORK GENERAL BUSINESS LAW § 349 REGARDLESS OF MR. BODUR'S STATUS AS A CONSUMER AND THE NATURE OF THE DEBT

General Business Law § 349 prohibits the use of deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this

state. This language is broad enough to include debt collection and other post-sale acts, and several courts have applied the statute to debt collection. *See* National Consumer Law Center, Fair Debt Collection § 10.3.2.6. (7th ed. 2011); Fontana v. C. Barry & Associates., LLC, 2007 WL 258040 (W.D.N.Y. Sept. 4, 2007) (awarding attorney fees to plaintiffs in successful UDAP suit for unfair debt collection practices); Cyphers v. Litton Loan Servicing, LLP., 503 F. Supp. 2d 547 (N.D.N.Y. 2007) (denying defendant's motion for summary judgment on plaintiff's UDAP suit for unfair debt collection practices).

Attempting to enforce a debt against a consumer who does owe it is a deceptive act. Doing it willfully and knowingly, as here, makes it a deceptive practice that warrants the court to impose the maximum damages of $1,000 with reasonable attorneys fees. NYGBL § 349 does not require that the plaintiff be a "consumer" or that the debt at issue be one as defined under § 1692a(5).

## CONCLUSION

The Plaintiff requests partial summary as to liability under Fair Debt Collection Practices Act and New York General Business Law § 349, $1000 statutory damage award under FDCPA § 1692k(a)(2)(A), and a hearing to determine an award of actual damages under FDCPA § 1692k(a)(1) with costs of litigation and reasonable attorneys fees under FDCPA § 1692k(a)(3).

Dated: New York, New York
October 28, 2011

Respectfully submitted,

Jesse Langel (JL 7079)
The Langel Firm

*Counsel for Plaintiffs*
225 Broadway, Suite 700
New York, NY 10007
Tel: (646) 290-5600
Fax: (646) 964-6682
jesse@langellaw.com