UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IBRAHIM NIYAZI BODUR, <br><br> Plaintiffs, <br><br> v. <br><br> PALISADES COLLECTION, LLC, <br> PRESSLER & PRESSLER, LLP, <br><br> Defendants. | 11-CV-3475    CM(AJP) |

# MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' JOINT MOTION FOR SUMMARY JUDGEMENT

Dated: New York, New York
       November 10, 2011

Respectfully submitted,

*[signature]*

Jesse Langel (JL 7079)
The Langel Firm
*Counsel for Plaintiff*
225 Broadway, Suite 700
New York, NY 10007
Tel: (646) 290-5600
Fax: (646) 964-6682
jesse@langellaw.com

# TABLE OF AUTHORITIES

## CASES

Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986) .................... 1

Beasley v. Blatt, 1994 WL 362185 (N.D. Ill. July 11, 1994) ............... 6

Bitah v. Global Collection Servs., Inc., 968 F. Supp. 618 (D. N.M. 1997) ...... 6

Blanc v. Palisades Collection, LLP, 06 CIV. 1626 (CLB), 2007 WL
3254381 (S.D.N.Y. Nov. 1, 2007) ................................. 1, 2

Calton v. Pressler & Pressler, LLP, 10 CIV. 2117 LMM, 2011 WL 3423971
(S.D.N.Y. Aug. 3, 2011) ........................................... 8

Celotex Corp. v. Catrett, 477 U.S. 317 (1986) ........................... 1

Curto v Palisades Collection, LLC, 07-CV-529 S, 2011 WL 5196708
(W.D.N.Y. Oct. 31, 2011) ....................................... 4, 5

Duran v. Leslie Oldsmobile, 594 N.E.2d 1355 (Ill. App. Ct. 1992) .......... 12

Dutton v. Wolhar, 809 F. Supp. 1130 (D. Del. 1992) ...................... 8

Farias v. Instructional Sys., Inc., 259 F.3d 91, 97 (2d Cir. 2001) ............ 2

Forster v. D.B.S. Collection Agency, 463 F. Supp. 2d 783
(S.D. Ohio 2006) ................................................ 11

Heard v. Bonneville Billing & Collections., 2000 U.S. App. LEXIS
14625 (10th Cir. 2000) .......................................... 11

Hellenic Lines Ltd. v. Gulf Oil Corp., 340 F2d 398 (2d Cir. 1965) ........... 3

Horowitz v. Stryker Corp., 613 F. Supp. 2d 271 (E.D.N.Y. 2009) ............ 9

Johnson v. Equifax Risk Mgmt. Servs., 2004 WL 540459 (S.D.N.Y. Mar. 17,
2004) ........................................................... 7

Lowe v. Surpas Res. Corp., 253 F. Supp. 2d 1209 (D. Kan. 2003) .......... 11

Mount Vernon Fire Ins. Co. v. Belize NY, Inc., 277 F.3d 232
(2d Cir. 2002) ................................................... 2

Nowak v. Ironworkers Local 6 Pension Fund, 81 F. 3d 1182 (2d Cir. 1996) .... 8

Osbourne v. Capital City Mortgage Corp., 667 A. 2d 1321
(D.C. App. Ct. 1995) .................................................. 11

Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A., 85
N.Y.2d 20, 623 N.Y.S.2d 529, 647 N.E.2d 741 (1995) ..................... 9

Palisades Collection, LLC v. Cerrito, 26 Misc 3d 1239(A) (New York City Ct
2010) ................................................................ 4

Parker v. Pressler & Pressler, LLP, 650 F. Supp. 2d 326 (D. N.J. 2009) ....... 3

Pelman v. McDonald's Corp., 272 F.R.D. 82 (S.D.N.Y. 2010) .............. 10

Pu v. Charles H. Greenthal Mgmt. Corp., 2010 WL 774335 (S.D.N.Y. Mar. 9,
2010) ................................................................ 8

Quinn v. Green Tree Credit Corp., 159 F.3d 759 (2d Cir. 1998) ............. 2

Rizzuto v. Rizzuto, 5 A.D. 3d 579, 774 N.Y.S.2d 159 (2d Dept. 2004) ........ 4

Rodriguez v. Pressler & Pressler, L.L.P., CV 06-5103 BMC/JO, 2008 WL
5731854 (E.D.N.Y. Sept. 11, 2008) ................................... 6

Rule v. Brine, Inc., 85 F.3d 1002 (2d Cir. 1996) .......................... 2

Russel v. Equifax A.R.S., 74 F.3d 30 (2d Cir. 1996) ....................... 7

Singleton v. Montgomery Ward Credit Corp., 2000 U.S. Dist. LEXIS 17963
(N.D. Ill. Dec. 6, 2000) ............................................. 11

Sutton v. New Century Fin. Services, CIV. 05-3125 (DRD), 2007 WL 1686521
(D. N.J. June 11, 2007) .............................................. 4

Trebor Sportswear Co. v. Ltd. Stores, Inc., 865 F.2d 506 (2d Cir. 1989) ....... 2

United States v. Shulman, 624 F.2d 384 (2d Cir. 1980) .................... 3

Wilson v. Northwestern Mut. Ins. Co., 625 F.3d 54 (2d Cir. 2010) ........... 9

Wolfe v. MBNA Am. Bank, 485 F. Supp. 2d 874 (W.D. Tenn. 2007) ...... 9, 11

**STATUTES, LAWS AND RULES**

**Federal**

FDCPA, 15 U.S.C. 1692 *et seq.* .................................. *passim*

Fed. R. Civ. P. 56(c) ................................................. 1

Local Civil Rule 56.1 ................................................ 1

**State and Local**

NY GBL § 349 ..................................................... 8, 9

22 N.Y.C.R.R. § 130–1.1 ............................................ 4

### SECONDARY SOURCES

S. Rep. No. 382, 95th Cong. 1st Sess. 4, *reprinted in* 1977 U.S. Code Cong. & Admin. News 1695 .................................................. 7

National Consumer Law Center, Unfair and Deceptive Acts and Practices § 6.10.7.6 (7th ed. 2008) ............................................. 11

## TABLE OF CONTENTS

I. FACTS ................................................... 1

II. LEGAL STANDARD ........................................ 1

III. DEFENDANTS' UNCONTESTED STATUS AS HIGH-VOLUME
CONSUMER DEBT COLLECTORS ........................... 2

IV. DEFENDANTS' LITIGATION PRACTICES .................... 4

V. LEGAL ARGUMENTS ..................................... 6

    A. All Evidence – and Defendants' Silence – Establish
The Consumer Nature Of Debt Absent Evidence To
The Contrary ....................................... 6

    B. Although Defendants are Strictly Liable, Intent and
Knowledge are Nonetheless Established by Pressler's
Phone Records and Subsequent Duns ................. 7

    C. This Court Should Exercise Supplemental Jurisdiction Over
Plaintiff's NYGBL § 349 Claim And Grant Summary ........ 8
Judgment To Plaintiff 8

VI. CONCLUSION ........................................... 11

Ibrahim Bodur, Plaintiff in this action, by and through his counsel, Jesse Langel, Esq., respectfully submits this Memorandum of Law in Opposition to Defendants' joint motion for summary judgment, and in further support of Plaintiff's motion for partial summary judgment, an award of $1,000 for statutory damages, and a hearing to determine actual damages, costs of litigation, and reasonable attorneys' fees. For the reasons set forth below, Plaintiff respectfully submits that Defendants' motion should be denied and Plaintiff's motion granted.

## I. FACTS

The Plaintiff's Statement of Material Facts was annexed to its Notice of Motion pursuant to Local Civil Rule 56.1, which is incorporated herein by reference.

The Plaintiff annexes herewith as Exhibit "1" his Response to Defendants' Statement of Material Facts with Additional Material Facts pursuant to Local Civil Rule 56.1.

## II. LEGAL STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 320-23 (1986). Blanc v. Palisades Collection, LLP, 06 CIV. 1626 (CLB), 2007 WL 3254381 [S.D.N.Y. Nov. 1, 2007].

A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A trial judge may, therefore, grant summary judgment only if there is no genuine issue as to any material fact and if the moving party is entitled to judgment as a matter of law. See Anderson, 477 U.S. at 250. The inquiry performed is the threshold inquiry of determining

whether there are any genuine factual issues that properly can be resolved only by a finder of fact. Blanc v. Palisades Collection, LLP, 06 CIV. 1626 (CLB), 2007 WL 3254381 (S.D.N.Y. Nov. 1, 2007).

"The nonmoving party must have 'had the opportunity to discover information that is essential to his [or her] opposition' to the motion for summary judgment." Trebor Sportswear Co. v. Ltd. Stores, Inc., 865 F.2d 506, 511 (2d Cir. 1989) (quoting Anderson, 477 U.S. at 250 n. 5). Moreover, a court should "constru[e] the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in its favor." Mount Vernon Fire Ins. Co. v. Belize NY, Inc., 277 F.3d 232, 236 (2d Cir. 2002); Farias v. Instructional Sys., Inc., 259 F.3d 91, 97 (2d Cir. 2001); Quinn v. Green Tree Credit Corp., 159 F.3d 759, 764 (2d Cir.1998); Blanc v. Palisades Collection, LLP, 06 CIV. 1626 (CLB), 2007 WL 3254381 (S.D.N.Y. Nov. 1, 2007).

"Assessments of credibility and choices between conflicting versions of the events are matters for the jury, not for the court on summary judgment." Rule v. Brine, Inc., 85 F.3d 1002, 1011 (2d Cir. 1996).

### III. DEFENDANTS' UNCONTENSTED STATUS AS HIGH-VOLUME CONSUMER DEBT COLLECTORS

Palisades Collection, LLC is a "significant" operating subsidiary of publicly traded Asta Funding, Inc. (Pl. Ex. 13, page 7). Together, the companies are "in the business of purchasing, managing for its own account and servicing distressed *consumer* receivables, including charged-off, semi-performing receivables and performing receivables. Id. Annexed as Plaintiff's Exhibit 13 are relevant portions of Asta Funding's Form 10-Q quarterly report for the period ending June 30, 2011. This report is found on the website http://www.astafunding.com/index.cfm.

As of June 30, 2011, Asta Funding possessed assets of $252,106,000.00 (Pl. Ex. 13, balance sheet, page 3). For the three months ended June 30, 2011, Asta Funding reported revenue of $11,297.000.00 (Pl. Ex. 13, balance sheet, page 4).

Attached as Plaintiff's Exhibit 12 is a print out of Defendant Pressler's website home page found at http://www.pressler-pressler.com/default.htm. In it, Pressler represents:

- Specializing in Retail Collection since 1930.

- Pressler and Pressler, LLP represents national credit card companies throughout the state of New York and New Jersey.

- With over 300 employees and 19 attorneys, Pressler and Pressler, LLP provides a total retail collection environment including skip-tracing and asset location.

- Sheldon H. Pressler lectured for the New Jersey Institute of Continuing Legal Education on "How to Collect a Judgment," "Collection Practice," and "The FDCPA."

The word "retail" is defined as the sale of goods in small quantities directly to consumers. (See thefreedictionary.com, miriam-webster.com, dictionary.com).

The quarterly report of Asta Funding, Inc., operating by and through Palisades, and the website home page of Pressler, contain these admissions of fact adopted by these Defendants, and are thus admissible against these Defendants. *See* Hellenic Lines Ltd. v. Gulf Oil Corp., 340 F2d 398 (2d Cir. 1965); United States v. Shulman, 624 F2d 384, 390 (2d Cir. 1980). The facts contained in these materials irrefutably show that the Defendants are heavily engaged in the commerce of consumer debt collection and have a broad impact on the public at large.

Numerous federal courts have held that both Pressler and Palisades are "debt collectors" as defined by the FDCPA. Two examples are cited below:

1) District Judge Katharine Hayden in Parker v. Pressler & Pressler, LLP, 650 F. Supp. 2d 326, 329 (D. N.J. 2009) found that "Plaintiff Beulah Parker, a New Jersey resident, filed a complaint [D.E. # 1] on November

3

21, 2007 against: (1) Pressler & Pressler, LLP ("P & P"), a New Jersey law firm specializing in debt collection representation and a debt collector as defined under 15 U.S.C. § 1692a(6); (2) New Jersey-based Palisades Collection, LLC ("Palisades"), also a debt collector as defined under 15 U.S.C. § 1692a(6) (and a client of P & P)."

2) Senior District Judge Dickinson R. Debevoise found that "[a]s for Pressler & Pressler, it is uncontested that it is a "debt collector" under the FDCPA. Sutton v New Century Fin. Services, CIV. 05-3125 (DRD), 2007 WL 1686521 (D. N.J. June 11, 2007).

## IV. DEFENDANTS' LITIGATION PRACTICES

Pressler was sanctioned last year by the Honorable Katherine A. Maloney in City Court, Dutchess County, New York in the matter of Palisades Collection, LLC v. Cerrito, 26 Misc 3d 1239(A) (New York City Ct 2010). By Decision and Order dated December 4, 2009, the Court ordered a hearing to determine whether sanctions should be imposed upon Pressler for filing a frivolous debt collection suit without first assessing the legal and factual basis of the claim. Palisades Collection, LLC. v. Cerrito, 2009 N.Y. Slip Op. 52433U (Poughkeepsie City Court, Dec. 4, 2009). Pressler failed to appear and defend itself at that sanction hearing and Judge Moloney sanctioned Pressler $1,000 finding that, "[t]he waste of judicial resources this law firm has saddled this Court with by failing to follow standard proper procedures in accordance with the C.P.L.R. and their demonstration of contempt for this Court's Order warrants the imposition of sanctions in accordance with the power vested in this Court through the authority of 22 N.Y.C.R.R. § 130–1.1. See, Rizzuto v. Rizzuto, 5 A.D.3d 579, 774 N.Y.S.2d 159 (2d Dept. 2004)." Id.

In fact, the Palisades-Pressler combination made the front page of last week's New York Law Journal (November 4, 2011) for their allegedly unlawful collection conduct arising from the facts cited in Curto v Palisades Collection, LLC, 07-CV-529 S, 2011 WL 5196708 (W.D.N.Y. Oct. 31, 2011). Palisades brought four jurisdictionally defective lawsuits against the same

4

consumer of Erie County. The consumer plaintiff sued both debt collectors, Palisades and Pressler, under the FDCPA. Both Palisades and Pressler moved for summary judgment. Both motions were denied. Chief Judge William M. Skretny found that the first and the third lawsuits ran afoul of the FDCPA § 1692i. Judge Skretny further held that Defendants' successive filings could easily have been done in violation of FDCPA § 1692d.

As in Curto, Palisades and Pressler here nonchalantly argue that their collection misconduct amounts to an "unintentional error" or "mistake." That claim fails in the FDCPA context because this federal statute is one of strict liability. At least in Curto, Defendants set forth some procedures employed to explain the reasonableness of their practices. Here, they have not. No attempt is made to explain why Defendants continued to pursue Mr. Bodur when their own phone records show they had the wrong man. Instead, quite brazenly, Pressler argued in open court that Mr. Bodur would be Pressler's own witness on the issue of how and why Pressler decided to target the wrong man.

The Defendants fail to acknowledge the harm caused to people who are forced into legal proceedings to defend against defective or frivolous collection lawsuits. When Palisades and Pressler decided to target Mr. Bodur to pay a judgment debtor's debt, they indeed dragged him into the lawsuit under King's Civil index number 112171/05. Despite Pressler's late 2005 or early 2006 promise to remove Mr. Bodur from its files (Bodur Dep. 65:10 – 66:4); and despite Pressler's promise to remove Mr. Bodur from its files during the February 8, 2008 phone call (Pl. Ex. 7, Pl. Ex. 8), Pressler still persisted in its attempts to collect from Mr. Bodur regardless of the truth. Pressler's March 7, 2011 letter to Plaintiff's counsel not only falsely stated that Mr. Bodur hadn't called Pressler – a misrepresentation itself in violation of FDCPA § 1692e – but it also requested the same information it had already been provided at least twice.

## V.   LEGAL ARGUMENTS

### A.   All Evidence – and Defendants' Silence – Establish The Consumer Nature Of Debt Absent Evidence To The Contrary

As established above, Defendants are in the high-volume practice of consumer debt collection. All correspondence sent by Defendants to Mr. Bodur (Pl. Ex. 4 and 7) contain disclaimer language required by the FDCPA. The Defendants refuse to furnish (Def. Ex. G, No. 1, 2, and 3) the public court file that, upon information and belief, contains the Summons and Complaint under King's Civil index number 112171/05 which admits the alleged debt to involve a consumer credit transaction. Mr. Bodur's counsel has twice ordered that court file from the archives from Kings County Civil Court but the file has not yet arrived. The Defendants are withholding those publicly available pleadings without raising an appropriate privilege or objection. The Defendants should be estopped from claiming the alleged debt was not of a consumer nature when all of the evidence, including their own documents, show that it was.

In Rodriguez v. Pressler and Pressler, L.L.P., CV 06-5103 BMC/JO, 2008 WL 5731854 (E.D.N.Y. Sept. 11, 2008), report and recommendation adopted in part, rejected in part, CV-06-5103 BMC/JO, 2009 WL 689056 (E.D.N.Y. Mar. 16, 2009), both Pressler and Palisades – the same Defendants here – were sued under the same causes of action in connection with the pursuit of the same type of debt: an AT&T Wireless account. In Rodriguez, both Pressler and Palisades tendered Rule 68 Offers of Judgment thereby acknowledging the consumer nature of the AT&T Wireless account as defined under FDCPA §1692a(5).

In the situation where use of the funds is not readily ascertainable, the court must look at the extrinsic evidence to determine the use of the funds. Beasley v. Blatt, 1994 WL 362185 (N.D. Ill. July 11, 1994); Bitah v. Global Collection Servs., Inc., 968 F. Supp. 618 (D.

6

N.M.1997) (notation on installment contract that transaction was for consumer purpose established consumer nature of the debt in the absence of any other evidence to the contrary).

To immunize debt collectors who target innocent, unrelated, third parties because of the aggrieved person's apparent inability to prove the consumer nature of debt – partly caused by the collector's concealment of evidence – would run contrary to Congress's intent to protect people other than debtors who are victims of collection harassment. *See* S. Rep. No. 382, 95th Cong. 1st Sess. 4, *reprinted in* 1977 U.S. Code Cong. & Admin. News 1695, 1699 (noting one purpose of Act is to prevent debt collectors from "dunning the wrong person....").

At the very least, Defendants certainly cannot prove that the subject AT&T Wireless account was *not* a consumer debt, so their motion for summary judgment must be denied, and Plaintiff would request that this court permit additional discovery to resolve the issue of the character of the alleged debt.

**B.   Although Defendants are Strictly Liable, Intent and Knowledge are Nonetheless Established by Pressler's Phone Records and Subsequent Duns**

Construing the facts most favorably to Defendants, they negligently targeted the wrong person at his home. Construing the facts unfavorably to the Defendants – more likely since Pressler's own phone records (Pl. Ex. 7) show prior notice – they intentionally targeted the wrong person at his home. Either way, the Defendants are liable under the FDCPA, which is generally a strict liability statute. Russel v. Equifax A.R.S., 74 F.3d 30 (2d Cir. 1996); Johnson v. Equifax Risk Mgmt. Servs., 2004 WL 540459 (S.D.N.Y. Mar. 17, 2004) (strictly imposes liability without regard to whether the consumer was actually confused). Even if intent or knowledge were a requirement for liability, such intent or knowledge is established here, especially through Pressler's own phone record and subsequent communications. The

7

Defendants simply lack an acceptable excuse for sending Mr. Bodur the Notice to Judgment Debtor or Obligor after they were admittedly put on notice of their bad information.

The Defendants' cited case law example, Dutton v. Wolhar, 809 F. Supp. 1130 (D. Del. 1992) on page 26 of their Memorandum of Law to support a finding of a FDCPA § 1692e(2)(A) violation is actually analogous to the case at bar. In Dutton, a third party, the debtor's daughter, was dunned for the debt. As Defendants point out, dunning the wrong person amounts to a false representation of the character or legal status of the debt.

### C. This Court Should Exercise Supplemental Jurisdiction Over Plaintiff's NYGBL § 349 Claim And Grant Summary Judgment To Plaintiff

This court has discretion under 28 U.S.C. § 1367 to exercise supplemental jurisdiction over Mr. Bodur's state law claim. *See* Nowak v. Ironworkers Local 6 Pension Fund, 81 F.3d 1182, 1187 (2d Cir. 1996) ("[T]he district court may, at its discretion, exercise supplemental jurisdiction over state law claims even where it has dismissed all claims over which it had original jurisdiction.") It is appropriate to exercise supplemental jurisdiction where, as here, the state law claims arise out of the same set of facts as the federal claims. Pu v. Charles H. Greenthal Mgmt. Corp., 2010 WL 774335 (S.D.N.Y. Mar. 9, 2010) (exercising supplemental jurisdiction to "avoid further waste of judicial resources," the court dismisses plaintiff's state law claims, which were premised on allegations that the court had previously rejected in dismissing the plaintiff's federal claims). Calton v. Pressler & Pressler, LLP, 10 CIV. 2117 LMM, 2011 WL 3423971 (S.D.N.Y. Aug. 3, 2011).

While Defendants may attempt to hide behind the Plaintiff's burden to prove the consumer character of the alleged debt, they cannot escape liability under New York State's "deceptive acts and practices statute" which applies to the misconduct alleged in the complaint.

8

Relevant portions of New York General Business Law § 349:

### § 349. Deceptive acts and practices unlawful

(a) Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful.

(g) This section shall apply to all deceptive acts or practices declared to be unlawful, whether or not subject to any other law of this state, and shall not supersede, amend or repeal any other law of this state under which the attorney general is authorized to take any action or conduct any inquiry.

(h) In addition to the right of action granted to the attorney general pursuant to this section, any person who has been injured by reason of any violation of this section may bring an action in his own name to enjoin such unlawful act or practice, an action to recover his actual damages or fifty dollars, whichever is greater, or both such actions. The court may, in its discretion, increase the award of damages to an amount not to exceed three times the actual damages up to one thousand dollars, if the court finds the defendant willfully or knowingly violated this section. The court may award reasonable attorney's fees to a prevailing plaintiff.

"Deceptive acts," for purposes of New York the consumer protection statute that prohibits deceptive acts or practices in conduct of any practice, are defined as those representations or omissions that are likely to mislead a reasonable consumer acting reasonably under the circumstances. Horowitz v. Stryker Corp., 613 F. Supp. 2d 271 (E.D.N.Y. 2009). There is no question that Mr. Bodur was targeted as a consumer, because he was wrongfully dragged into a consumer credit lawsuit. There is no doubt that Defendants used his identity and location information as if he were a member of the consuming public. It is undisputed that Mr. Bodur lacked any kind of business relationship with either defendant. The "consumer-oriented" requirement may be satisfied by showing that the conduct at issue "potentially affect[s] similarly situated consumers." Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A., 85 N.Y.2d 20, 623 N.Y.S.2d 529, 532-33, 647 N.E.2d 741 (1995); Wilson v. Northwestern Mut. Ins. Co., 625 F3d 54, 64 (2d Cir. 2010). The case law involving the Defendants as set forth in this Memorandum demonstrates that Defendants' collection actions affect the consuming public of at least New York and New Jersey.

Similarly, a consumer who was dunned for a credit card debt incurred by an identity thief was allowed to pursue a claim under the Tennessee UDAP statute. The court held that the use of the consumer's identity to enter into the transaction was sufficient to make him a "consumer" as defined by the statute. It also held that the creditor, having treated the consumer as the actual debtor, could not now argue the contrary. Wolfe v. MBNA Bank, 485 F. Supp. 2d 874 (W.D. Tenn. 2007). The facts here are analogous to Wolfe and warrant the same treatment.

To prevail on a cause of action under the New York consumer protection statute proscribing deceptive acts and practices, a Plaintiff must prove that [1] defendant made misrepresentations or omissions that were likely to mislead a reasonable consumer in plaintiff's circumstances; [2] plaintiff was deceived by those misrepresentations or omissions; and, [3] as a result, plaintiff suffered injury. Pelman v. McDonald's Corp., 272 F.R.D. 82 (S.D.N.Y. 2010). These three elements are easily met here. Dunning the wrong person for a debt is a quintessential misrepresentation. Doing it by way of judgment enforcement while in possession of – yet choosing to ignore – the truth is not only arguably criminal but also likely to mislead a reasonable consumer to believe that legal help is necessary for basic protection. Such is the situation we have here.

Mr. Bodur was forced to take time off of work, consult his bank manager, suffer physical injury, and ultimately to hire a lawyer to contend with the problem. Even after his counsel intervened with a threatening tone, Defendants still did not respect the truth, as demonstrated by Pressler's March 7, 2011 letter which falsely represented that Mr. Bodur had not called Pressler. The facts here show the Defendants' deceitful acts and Mr. Bodur's resultant injuries. Mr. Bodur's Affidavit (Paragraphs 8, 9, 10, 12, and 13) affirm his damages.

Placing a burden on a non-debtor to fight a debt collector is ubiquitously found to constitute damages under state consumer law statutes. The imposition of a burden or obligation on the consumer is sufficient to show damages. Lowe v. Surpas Res. Corp., 253 F. Supp. 2d 1209, 1227-1229 (D. Kan. 2003) (consumer was aggrieved by having to obtain assistance of third parties to respond to collection calls, even though she did not hear the calls herself).

Persisting in collection attempts against a person the collector knows does not owe the debt is deceptive. National Consumer Law Center, Unfair and Deceptive Acts and Practices § 6.10.7.6 (7th ed. 2008); Heard v. Bonneville Billing & Collections., 2000 U.S. App. LEXIS 14625 (10th Cir. 2000) (unpublished, applying UDAP Statute to collection attempts against non-obligor); Wolfe v. MBNA Am. Bank, 485 F. Supp. 2d 874 (W.D. Tenn. 2007) (denying motion to dismiss; instituting collection without investigating whether identity theft victim actually owed debt may be unfair and actionable as a UDAP violation); Singleton v. Montgomery Ward Credit Corp., 2000 U.S. Dist. LEXIS 17963 (N.D. Ill. Dec. 6, 2000) (applying UDAP statute to collection attempts against non-obligated person).

It is deceptive for a collection agency to file suit against an individual when it does not know if the person is legally obligated for the debt. Forster v. D.B.S. Collection Agency, 463 F. Supp. 2d 783, 802-803, 809-810 (S.D. Ohio 2006). See National Consumer Law Center, Unfair and Deceptive Acts and Practices § 6.10.7.6 (7th ed. 2008).

Other costs of undoing the harm caused by the defendant's deceptive practices – such as attorneys fees incurred in defending a lawsuit seeking to collect unlawful charges – are considered damages under state UDAP statutes. Osbourne v. Capital City Mortgage Corp., 667 A.2d 1321 (D.C. App. Ct. 1995) (attorney fees paid to defend foreclosure case may be damages

11

sufficient to sustain UDAP claim; <u>Duran v. Leslie Oldsmobile</u>, 594 N.E.2d 1355 (Ill. App. Ct. 1992) (attorney fee that consumer had to pay for defense of collection suit constitutes damage).

## CONCLUSION

The plaintiff requests that Defendants' joint motion for summary judgment be denied. The plaintiff further requests that the court grant Plaintiff's request for partial summary as to liability under Fair Debt Collection Practices Act and New York General Business Law § 349, and award $1000 statutory damages under FDCPA § 1692k(a)(2)(A), and grant a hearing to determine an award of actual damages under FDCPA § 1692k(a)(1) and NYGBL § 349(h), with costs of litigation and reasonable attorneys' fees under FDCPA § 1692k(a)(3) and NYGBL § 349(h).

Dated: New York, New York
November 10, 2011

Respectfully submitted,

Jesse Langel (JL 7079)
The Langel Firm
*Counsel for Plaintiff*
225 Broadway, Suite 700
New York, NY 10007
Tel: (646) 290-5600
Fax: (646) 964-6682
jesse@langellaw.com